*FEE PD.*
*#2454*
*Sum Iss.*
*1534*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROCK FERRONE and ROCK
AIRPORT OF PITTSBURGH, L.L.C.,

      Plaintiffs,

    v.

DAN ONORATO, individually and
officially, DENNIS DAVIN, individually
and officially, and ALLEGHENY COUNTY,

      Defendants.

Civil Action No. 05   0303

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, Rock Ferrone and Rock Airport of

Pittsburgh, L.L.C., by and through their attorneys, TARASI, TARASI & FISHMAN, P.C.

and Gianni Floro, Esquire, and file this Complaint in Civil Action, and aver as follows:

**A.**     **Nature of Action**

    1.    The Plaintiff, Rock Ferrone, is the managing member and/or president of

the Plaintiff, Rock Airport of Pittsburgh, L.L.C.

    2.    The Plaintiff, Rock Airport of Pittsburgh, L.L.C., owns and operates an

airport in West Deer Township, Allegheny County, Pennsylvania.

    3.    The Plaintiffs allege a continuing pattern or practice by Allegheny County

officials and Allegheny County employees, specifically the Chief Executive, Dan

Onorato, and the Director of Economic Development, Dennis Davin, rising to the level

of government custom, practice and policy under the color of state law, which violates

their civil rights.

    4.    The Plaintiffs, upon information or belief, believe, and therefore allege, a

conspiracy between Dan Onorato, Dennis Davin, and other persons presently unknown to the Plaintiffs, to violate their civil rights by and among the several Defendants and other persons presently unknown to the Plaintiffs, which include those acting under the color of state law.

5.     The Plaintiffs allege that those with the power and authority to prevent the violation of their civil rights, specifically, Chief Executive, Dan Onorato, the Director of Economic Development, Dennis Davin, and other persons presently unknown to the Plaintiffs, have failed to so act.

6.     The Plaintiffs allege that the government Defendants have violated:

    a)     Their First Amendment right:

        i)     of "freedom of speech;"

        ii)     "to petition the Government for a redress of grievances;"

    b)     their Fourth Amendment right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures; which is violation of their right to provacy"

    c)     their Fourteenth Amendment right:

        i)     not to be deprived of "life, liberty, or property, without due process of law;"

        ii)     nor to be deprived of the "equal protection of the laws" without a rational basis;

        iii)     which is a violation of their right to privacy;

    d)     and other rights as guaranteed by the Constitution of the

2

United States of America:

    e)    as well as similar protections afforded under the Constitution of the Commonwealth of Pennsylvania, including those protections afforded in Article I, Sections 1, 2, 7, 8, 20, 25 and 26; including their *increased* right to privacy;

    f)    and those rights protected by 42 U.S.C. §§ 1983, 1985 and 1986.

7.    The Plaintiffs allege that the several Defendants have committed various tortious acts, as defined by Pennsylvania common law, against them.

8.    The Plaintiffs seek an award of damages as relief for these violations of their civil rights and as a result of the tortious conduct of the several Defendants, as well as injunctive relief ordering the government Defendants to cease their unconstitutional conduct as related to the Plaintiffs.

**B.    Jurisdiction**

9.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

10.    The amount in controversy exceeds $75,000, exclusive of costs, interest and attorneys fees.

11.    The claims for relief and causes of action alleged herein arise under the First, Fourth and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. §§ 1983, 1985 and 1986, and therefore the Plaintiffs' claims come within this District Court's "Federal Question Jurisdiction."

12.    There are also claims for relief under Article I, Sections 1, 2, 7, 8, 20, 25

3

and 26 the Constitution of the Commonwealth of Pennsylvania, and under the common law of the Commonwealth of Pennsylvania, and therefore the Plaintiffs' claims come within this District Court's "Supplemental Jurisdiction."

13.     The various acts, omissions and conspiracies alleged herein were engaged in and carried out by, between and among the individual Defendants, while said Defendants were employed by Allegheny County, or while they served in elected or appointed capacities as officials of Allegheny County with policymaking and/or supervisory authority over the Office of the Chief Executive and the Department of Economic Development, all acting under the color of state law.

14.     The various acts, omissions and conspiracies alleged herein were engaged in and carried out by officials and employees of the Allegheny County, acting by and through its employees and officials under the color of state law, pursuant to government custom, practice and policy which was so pervasive, permanent and well settled that it constituted practice or policy which had the force of law.

15.     Various acts and conspiracies alleged herein were engaged in and carried out by officials and employees of Allegheny County, acting in their official capacities, in concert, agreement and common purpose with, and at the instigation, urging and support of, the various individual Defendants, acting in their individual capacities.

16.     There was no reasonable basis for the various acts and conspiracies alleged herein.

C.     Parties

17.     The Plaintiff, Rock Ferrone (hereinafter, "Ferrone"), is an adult individual, who resides at 28 Lakeview Drive, Cheswick, Allegheny County, Pennsylvania, 15024.

4

18.     The Plaintiff, Rock Airport of Pittsburgh, L.L.C. (hereinafter, "RAP"), is a Limited Liability Company, possessing the corporate power to sue and be sued, located at 1000 Rockpointe Boulevard, Pittsburgh, Allegheny County, Pennsylvania 15084.

19.     RAP is owned, managed and controlled by the Plaintiff Rock Ferrone.

20.     The Defendant, Dan Onorato (hereinafter "Onorato"), is an adult individual whose office is located at 101 County Courthouse, 436 Grant Street, Pittsburgh, Allegheny County, Pennsylvania 15219.

21.     Mr. Onorato is and has been the Chief Executive of Allegheny County at all times relevant to this complaint.

22.     The Chief Executive of Allegheny County, has the statutory authority to supervise and control employees of Allegheny County.

23.     Mr. Onorato is being sued individually and in his official capacity.

24.     The Defendant, Dennis Davin (hereinafter, "Davin"), is an adult individual whose office is located at 425 Sixth Avenue, Suite 800, Pittsburgh, Allegheny County, Pennsylvania 15219.

25.     Mr. Davin is and has been the Director of the Department of Economic Development of Allegheny County at all times relevant to this complaint.

26.     The Director of Economic Development, has the statutory authority to supervise and control the Department of Economic Development of Allegheny County and also serves as the Executive Director of the Redevelopment Authority of Allegheny County.

27.     Mr. Davin is being sued individually and in his official capacity.

28.     The Defendant, Allegheny County, has its office located at 101 County

Courthouse, 436 Grant Street, Pittsburgh, Allegheny County, Pennsylvania 15219.

29.    Allegheny County is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a county possessing the corporate power to sue and be sued.

30.    Allegheny County is vested with the governance and management of the Allegheny County Department of Economic Development, and the Allegheny County Department of Department of Computer Services (Information Technology), and with the supervision, management and training of the individuals employed with each of these respective agencies.

**D.    Facts Common to All Causes of Action:**

31.    The various acts, omissions and conspiracies alleged herein to have been committed are a part of a wrong wrought upon Plaintiffs by the Defendants which began on or about January 4, 2005, and continued to about February 8, 2005.

32.    RAP and Mr. Ferrone have developed the former West Penn Airport, a small airport in West Deer Township, Allegheny County, and its adjacent surrounding properties into a "business airpark" known as "RockPointe Business Park."

33.    The official status of the airport was also being upgraded to that of a "General Aviation" airport.

34.    In the course of the project's development, which began in 1998, RAP entered into an economic development loan agreement with the Redevelopment Authority of Allegheny County in and around July of 2003.

35.    The economic development assistance received by RAP in 2003 was made available during the administration of James Roddey, the Former Chief Executive

of Allegheny County.

36.    During the transition of administrations between the "Roddey administration" and the "Onorato administration," problems, not involving the transactions and occurrences herein, began to arise between the Plaintiffs and Defendants regarding the release of the economic development loan disbursements.

37.    In an effort to further the Plaintiffs' business interests and the public's interest in having another airport available in Allegheny County to service the public's transportation needs, the Plaintiffs communicated with the legislative and executive branches of Allegheny County government via electronic communications (hereinafter, "e-mail").

38.    The Plaintiffs would communicate via e-mail with the legislative and executive branches of Allegheny County government regarding various issues pertaining to the project's development.

39.    The Plaintiffs would communicate via e-mail with the Allegheny County Department of Economic Development regarding maintaining the project's status as a "Keystone Opportunity Zone."

40.    The Plaintiffs would communicate via e-mail with the Allegheny County Chief Executive's Office regarding various issues pertaining to the project's development.

41.    The Plaintiffs would communicate via e-mail with the Allegheny County Council members regarding legislation regarding various issues pertaining to the project's development.

42.    The Plaintiffs would communicate via e-mail with the Allegheny County

7

Council's Clerk regarding scheduling testimony and appearances on agenda items to be presented to Allegheny County Council regarding various issues pertaining to the project's development.

43.    The Plaintiffs would communicate via e-mail with the Allegheny County Council's Chief of Staff regarding disbursement of documents to be presented to Allegheny County Council members regarding various issues pertaining to the project's development.

44.    The Plaintiffs would communicate via e-mail with the Allegheny County Department of Economic Development regarding maintaining the project's economic development funding.

45.    The Plaintiffs would communicate via e-mail with the Allegheny County Council members regarding issues unrelated to the project, and which were germane to other issues involving items for consideration regarding the Allegheny County Council members, i.e., other items of "public interest."

46.    The Plaintiff, Rock Ferrone, would communicate via e-mail with the Allegheny County Council members regarding issues unrelated to the project, and which were germane to other issues involving items for consideration regarding the Allegheny County Council members, including items of personal interest to him.

47.    On January 4, 2005, during the Allegheny County Council regular meeting, the Allegheny County Council passed a motion, No. 1822-05, that stated:

> Motion expressing the Sense of Council of Allegheny County supporting economic development in the Allegheny Valley region by requesting that the Chief Executive and Allegheny County Department of Economic Development meet and work with Rock Airport of Pittsburgh to develop the Rockpointe Business Airpark

8

and, further, protect the investment of public funds already committed to projects and economic revitalization in the Allegheny Valley.

48.     Some short time after the meeting, Mr. Ferrone, on behalf of himself, RAP and the members of the community where he lives, sent an e-mail to the several Allegheny County Council members thanking them for their consideration and support.

49.     However, and unbeknownst to Mr. Ferrone, the e-mail that was specifically directed to the several members of Allegheny County Council never reached their intended recipients.

50.     From January 4, 2005 to about February 8, 2005, all the e-mails sent to any Allegheny County e-mail address, including e-mails sent to the several members of Allegheny County Council, by the Plaintiffs were re-directed to one or more agents of both the Allegheny County Chief Executive Dan Onorato and the Allegheny County Director of the Department of Economic Development Dennis Davin for review, dissemination and/or censoring.

51.     The re-directing of the Plaintiffs' e-mail was undertaken at the behest of Onorato and Davin, and other persons presently unknown to the Plaintiffs, in an effort to limit the Plaintiffs' expression of their opinions regarding Allegheny County government.

52.     The re-directing of the Plaintiffs' e-mail, undertaken at the behest of Onorato and Davin, and other persons presently unknown to the Plaintiffs, was also in an effort to prevent information containing facts requested by the several members of Allegheny County Council from reaching their intended recipients.

53.     The re-directing of the Plaintiffs' e-mail was calculated by Onorato and

9

Davin, and other persons presently unknown to the Plaintiffs, to limit and prevent the Plaintiffs from providing information to the several members of Allegheny County Council and other officials and employees of Allegheny County.

54.   The re-directing of the Plaintiffs' e-mail was calculated by Onorato and Davin, and other persons presently unknown to the Plaintiffs, to permit them (Onorato and Davin, and other persons presently unknown to the Plaintiffs) to examine and utilize the information that the Plaintiffs provided to the several members of Allegheny County Council and other officials and employees of Allegheny County for their own purposes.

55.   The re-directing of the Plaintiffs' e-mail was calculated by Onorato and Davin, and other persons presently unknown to the Plaintiffs, to permit them (Onorato and Davin, and other persons presently unknown to the Plaintiffs) to examine and utilize the information that the Plaintiffs provided to the several members of Allegheny County Council and other officials and employees of Allegheny County for the purpose of advising private parties who are not officials and employees of Allegheny County, so that said private parties could reap private gain from said information.

56.   There was no reasonable basis for the re-directing of the Plaintiffs' e-mail.

57.   On or about February 8, 2005, Mr. Ferrone learned that the Plaintiffs' e-mail was being re-directed.

58.   Mr. Ferrone learned this because on February 4, 2005, Maurice Strull, an employee of the Allegheny County Depart of Economic Development, sent Mr. Ferrone an e-mail regarding the maintenance of RAP's "Keystone Opportunity Zone" status.

59.   Mr. Strull requested that Mr. Ferrone provide the requested maintenance information by 3:00 PM that day.

60.     Mr. Ferrone complied and transmitted the information that Mr. Strull requested via e-mail, also carbon copying the communication to Mr. Davin via e-mail.

61.     After transmitting the information, and after not hearing back from Mr. Strull, Mr. Ferrrone telephoned Mr. Strull on February 7, 2005, requesting an update with regard to the status of the "Keystone Opportunity Zone" matter.

62.     Mr. Strull told Mr. Ferrone that he never received Mr. Ferrone's e-mail.

63.     Then Mr, Ferrone asked Mr. Strull if Mr. Davin had received the e-mail.

64.     Mr. Strull replied that Mr. Davin had not told him that he received the e-mail.

65.     On that same date Mr. Ferrone contacted Mr. Davin and requested to know whether or not Mr. Davin received the information.

66.     Mr. Davin told Mr. Ferrone that he had not received the e-mail, nor any other e-mail communication from Mr. Ferrone.

67.     Mr. Ferrone was also advised by Mr. Davin that he had not received the information that he had requested during the meeting that the two had on January 28, 2005, nor the same information that Mr. Davin requested in an e-mail that he sent Mr, Ferrone, immediately after the meeting on January 28, 2005.

68.     Mr. Ferrone had sent a reply e-mail to Mr. Davin on or about January 31, 2005, regarding the meeting the two had on January 28, 2005.

69.     Also during the discussion between Mr. Ferrone and Mr. Davin on February 7, 2005, Mr. Ferrone commented that he had not heard back from Mr. Davin regarding the e-mail that he sent to Mr. Davin regarding the January 28, 2005 meeting between Mr. Ferrone, Mr. Davin, Mr. Strull and Mr. Hurley and the Plaintiffs' accountant.

11

70.    Mr. Davin noted that he had not received that e-mail either.

71.    While the two were still on the phone, they attempted to exchange e-mail; however, the e-mail sent by Mr. Ferrone was not reaching Mr. Davin, while Mr. Davin's e-mail was reaching Mr. Ferrone.

72.    Then Mr. Davin commented that "Dan may have blocked your e-mail, if it was the e-mail address that those 'blast e-mails' were coming from."

73.    Mr. Ferrone was shocked by this revelation, and said "[y]our kidding, right?"

74.    Mr. Davin said "[w]hy don't you just fax me the e-mail."

75.    Mr. Ferrone, still in disbelief, stated that "I will."

76.    Mr. Ferrone then contacted a member of the Allegheny County Council, who advised him that no e-mails had been received from him since before the meeting of January 4, 2005.

### COUNT I - VIOLATION OF CIVIL RIGHTS
### PURSUANT TO 42 U.S.C. § 1983
### Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. v.
### Dan Onorato, Dennis Davin, and Allegheny County

77.    The Plaintiffs incorporate paragraphs 1 through 76 by reference, as fully as if they were set forth at length herein.

78.    Such actions are in violation of the Plaintiffs' Civil Rights, namely the right of free speech, and the right to petition the Government for a redress of grievances, the right to privacy, or on any other basis protected by the Constitutions and laws of the United States and the Commonwealth of Pennsylvania.

79.    The incidents specifically complained of are a part of an ongoing

campaign to deprive the Plaintiffs of their property and liberty interests, as guaranteed by the Constitution of the United States, specifically their right to be free to pursue an occupation without undue government interference, and their right to utilize their property for that purpose.

80.    The official conduct engaged in by the Defendants, and specifically referred to within this Complaint in Civil Action, was intentionally directed toward the Plaintiffs and their business in an effort to injure and cause damage to the Plaintiffs, disparage the Plaintiffs' business and discourage patronage of the Plaintiffs' business with the goal of forcing the Plaintiffs out of business, in violation of the Plaintiffs' right to pursue an occupation, or was in reckless or gross disregard of those rights.

81.    The official conduct engaged in by the Defendants was intentionally directed toward the Plaintiffs and the Plaintiffs' business to discourage the Plaintiffs from engaging in a Constitutionally protected right, namely their rights under the First Amendment of the United States Constitution to freely participate in government by providing their opinions, information and grievances to government, or was in reckless or grossly negligent disregard of those rights. As a result of the Defendants' actions, the Plaintiffs have been deprived of their right to so act under the protection afforded by the First Amendment.

82.    The official conduct engaged in by the Defendants was intentionally directed toward the Plaintiffs and the Plaintiffs' business to discourage the Plaintiffs from engaging in a Constitutionally protected right, namely their rights under the First Amendment of the United States Constitution to freely voice objection to government policy, custom, procedure and actions as carried out by government employees and

13

officials under the color of law, or was in reckless or grossly negligent disregard of those rights. As a result of the Defendants' actions, the Plaintiffs are hesitant to make complaints or otherwise object to the policies, customs, procedures and actions of the local government, specifically, but not limited to, the actions of the Defendant, Allegheny County, since the information provided via e-mail did not reached the intended recipients, and was further disseminated by the Defendants for purpose of their common scheme, to deprive the Plaintiffs of the rights protected by the Constitution and laws, including their right to privacy.

83.    The official conduct engaged in by the Defendants was intentionally directed toward the Plaintiffs and the Plaintiffs' business to discourage the Plaintiffs from engaging in a Constitutionally protected right, and in retaliation for exercise of those rights, namely their rights under the First Amendment of the United States Constitution to petition the government for redress of grievances.

84.    The official conduct engaged in by the Defendants was intentionally directed toward the Plaintiffs and the Plaintiffs' business, or was in reckless or negligent disregard of the Plaintiffs' rights, namely their rights under the Fourth Amendment to the United States Constitution to be free from unreasonable and unlawful search and seizure, including their right to privacy.

85.    The official conduct engaged in by the Defendants was directed toward the Plaintiffs and the Plaintiffs' business for the purpose of depriving them of their rights as guaranteed under the Fourteenth Amendment to the United States Constitution to be afforded Equal Protection of the laws, specifically, the right to not have the law enforced in a selective fashion against them, and their right not to have the law

14

enforced in a selective fashion against them in retaliation for exercising their Constitutionally protected rights.

86.    The official conduct engaged in by the Defendants was directed toward the Plaintiffs and the Plaintiffs' business for the purpose of depriving them of their rights as guaranteed under the Fourteenth Amendment to the United States Constitution to be afforded Equal Protection of the laws, specifically, not to be the subject of unreasonable state action as a result of expressing their views and seeking redress for their grievances.

87.    The official conduct engaged in by the Defendants was directed toward the Plaintiffs and the Plaintiffs' establishment for the purpose of depriving the Plaintiffs of their rights as guaranteed under the First and Fourteenth Amendments of the United States Constitution, namely the right to be free from retaliation for exercising their Constitutionally protected rights, specifically those rights as delineated within this Complaint in Civil Action.

88.    The Defendants failed to adequately supervise the actions or inactions of the employees of the Defendant, Allegheny County, and failed to provide and maintain adequate training for it employees; this failure was the proximate cause of the violations of the Civil Rights of the Plaintiffs as detailed herein.

89.    The Defendant, Allegheny County, through Onorato and Davin were aware of ongoing incidents and actions by themselves and other persons unknown to the Plaintiffs, which deprived the Plaintiffs of their Civil Rights, and failed to take any steps to abate or otherwise stop the actions of said Defendants, failed to take any remedial actions, and exhibited deliberate indifference to the Civil Rights of the Plaintiffs

which formed governmental policy, practice and custom, and which is the proximate cause of the violations of the Plaintiffs' Civil Rights.

90.     The Defendants occupy positions of responsibility and knew or should have known of the aforesaid official conduct, and have failed to act to stop or prevent the actions which violated the Plaintiffs' rights.  This deliberate indifference resulted in, and was a proximate cause of, violations of the Civil Rights of the Plaintiffs as detailed herein.  The conduct of these government officials "shocks the conscience" of any reasonable person.

91.     The Defendant, Allegheny County, acting by and through its employees and officials, including those named as individual Defendants and other persons unknown to the Plaintiffs, pursuant to governmental custom, practice and policy which was so permanent and well-settled that it constituted practice or policy which had the force of law, knew or should have known of the aforesaid official conduct of its officials and its employees, and the risks associated with it, and having the power to correct these conditions, willfully, deliberately, and with gross negligence and reckless disregard failed to act to prevent harm to the Plaintiffs.  This failure to act constitutes a custom, practice and policy which has resulted in the violations of the civil rights of the Plaintiffs as detailed herein, rendering the Defendants liable to the Plaintiffs pursuant to 42 U.S.C. § 1983.

92.     The selective official action to which the Plaintiffs have been subjected by the Defendants violates the Plaintiffs' right to Equal Protection of the laws since its objective is a forbidden one, namely, interference with Plaintiffs' fundamental rights, specifically herein and the right to conduct business with one's property and to pursue

an occupation.

93.     The selective official action to which the Plaintiffs have been subjected by the Defendants violates the Plaintiffs' rights under the First Amendment to the United States Constitution to free speech, to liberty, property and pursuit of an occupation, the right to freely criticize government policy, practice and custom.

94.     The Plaintiffs are subject to the exercise of official power and actions to which similarly situated persons are not subject by the Defendants.

95.     Further, the Defendants have sought to impermissibly link, base and determine government benefits, procedures, actions and decisions on unconstitutional conditions in violation of procedural and substantive due process, which requires disinterested decision making and exercise of official action based on the facts exhibited in a particular situation, as opposed to political pressure, bias, hostility or personal gain.

96.     The Defendants' actions are in further contravention of the Plaintiffs' Due Process right to be from retaliatory actions by the government for the exercise of a Constitutionally protected right in that the exercise of government powers directed against the Plaintiffs are arbitrary, capricious and in retaliation for Plaintiffs' exercise of their rights guaranteed them under the Constitutions and laws of the United States of America and the Commonwealth of Pennsylvania.

97.     The constitutional and civil rights of the Plaintiffs which have been violated by the Defendants are well established, and any reasonable and responsible public official would know or should know that said rights are well established and not in question.

98.    The actions and inactions of the Defendants constitute a policy, practice or custom of the Defendant, Allegheny County, in that the incidents complained of are ongoing and typical of the past actions and inactions of the Defendants.

99.    As a direct and proximate result of the Defendants' conduct, which violates the civil rights of the Plaintiffs, the Plaintiffs have and continue to suffer damages, including, but not limited to, loss of business, loss of profits, commercial disparagement and disparagement of reputation, as well as being constructively prevented from fully exercising their rights as guaranteed under the Constitution of the United States.

WHEREFORE, Plaintiffs request this District Court find that the Defendants did violate the civil rights of the Plaintiffs, and to award the Plaintiffs damages against the Defendants, jointly and severally, in an amount in excess of $75,000, plus punitive damages, and award the Plaintiffs attorneys fees pursuant to 42 U.S.C. § 1988.

### COUNT II - CONSPIRACY PURSUANT TO 42 U.S.C. § 1985(3)
**Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. v.**
**Dan Onorato and Dennis Davin**

100.    The Plaintiffs incorporate paragraphs 1 through 99 by reference, as fully as if they were set forth at length herein.

101.    The Defendants, Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, have met, discussed and agreed to engage in the course of conduct detailed within this Complaint in Civil Action, and have agreed to illegitimately utilize their official power of the Defendant, Allegheny County, in so doing.

102.    The Defendant, Mr. Onorato, solicited the support of his co-conspirators as Chief Executive of the Defendant, Allegheny County, to encourage, initiate, and

otherwise engage the official power of the Defendant, Allegheny County, for illegitimate purposes, specifically, to harass, intimidate or otherwise violate the civil rights of the Plaintiffs for personal gain, unrelated to any legitimate purposes of government.

103.   Specifically, the Defendant, Mr. Onorato, by and through his authority as the Chief Executive of the Defendant, Allegheny County, and otherwise, illegitimately engaged, by conspiring with the other individual Defendant, in pursuit of personal gain, specifically, to weaken or close the Plaintiffs' business.

104.   As a result of the Defendants' conspiracy and actions to illegitimately employ the official power of the Defendant, Allegheny County in pursuit of an unconstitutional goal, the Plaintiffs have been damaged by harm to reputation, loss of business, loss of income, legal fees and expenses related to actions of the Defendants, and other damages which have been incurred as the result of the Defendants' actions.

105.   The official conduct engaged in by the Defendants, as alleged herein, was directed toward the Plaintiffs and the Plaintiffs' business for the purpose of depriving them of their rights as guaranteed under the Fourteenth Amendment to the United States Constitution to be afforded equal protection of the laws, specifically, not to be the subject of unreasonable state action.

106.   The Defendants met, discussed and agreed to, without legitimate governmental purpose, employ the official power of the Defendant, Allegheny County, to use the tactics and take the actions described within this Complaint in Civil action for the common purpose of violating the Plaintiffs' civil rights.

107.   The conduct of the Defendants, namely, to agree in conspiracy with one another to illegitimately utilize their official power, by re-directing the Plaintiffs e-mail

from its intended recipient is a continuing and ongoing course of conduct, constituting a governmental policy, practice and custom, with no legitimate governmental purpose, which may be continuing up to and including the present time.

WHEREFORE, Plaintiffs request this Court find that the Defendants did conspire to violate the civil rights of the Plaintiffs in contravention of 42 U.S.C. § 1985, and to award the Plaintiffs damages against the Defendants, jointly and severally, in an amount in excess of $75,000, plus punitive damages, and award the Plaintiffs attorneys fees pursuant to 42 U.S.C. § 1988.

### COUNT III - NEGLECT TO PREVENT CONSPIRACY PURSUANT TO 42 U.S.C. § 1986
### Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. v. Dan Onorato and Dennis Davin

108.    The Plaintiffs incorporate paragraphs 1 through 107 by reference, as fully as if they were set forth at length herein.

109.    The Defendant, Allegheny County, and its officials, were aware of the ongoing pattern of deprivation of the Plaintiffs' rights and violations of the Plaintiffs' civil rights by the Defendants Mr. Onorato and Mr. Davin and other persons presently unknown to the Plaintiffs.

110.    The Defendant, Allegheny County, and its officials, were aware of the ongoing pattern of deprivation of the Plaintiffs' rights and violation of the Plaintiffs' civil rights by the Defendants Mr. Onorato and Mr. Davin and other persons presently unknown to the Plaintiffs, which deprived the Plaintiffs of their Civil Rights, and, although having said knowledge, failed to take any steps to abate or otherwise stop the actions of said Defendants, failed to take any remedial actions, and exhibited deliberate

20

indifference to the Civil Rights of the Plaintiffs. Said inaction formed governmental policy, practice and custom, and which is the proximate cause of the continuing violation of the Plaintiffs' Civil Rights.

111.   Further, the Defendants were and are aware of the discussions between and among various Defendants regarding the plan and conspiracy to violate the Plaintiffs' civil rights.

112.   Further, the Defendants knew or should have known of the aforesaid problems and misconduct, and the risks associated with it, and having the power, authority and duty to correct these conditions, willfully, deliberately, and with gross negligence and reckless disregard of the Plaintiffs' Civil Rights failed to act to prevent harm to the Plaintiffs.

113.   Further, the Defendants were and are aware of the discussions between and among various Defendants regarding the plan and conspiracy to violate the Plaintiffs' civil rights.

114.   Further, the Defendants knew or should have known of the aforesaid problems and misconduct, and the risks associated with it, and having the power, authority and duty to correct these conditions, willfully, deliberately, and with gross negligence and reckless disregard of the Plaintiffs' Civil Rights failed to act to prevent harm to the Plaintiffs.

115.   The Defendants, having the power to do so, failed to prevent or aid in preventing the commission of the various acts which violated the civil rights of the Plaintiffs by the conspiracy, or the effects thereof, and passively acquiesced in said actions by neglecting or refusing to prevent them from occurring or aiding in their

21

prevention.

WHEREFORE, the Plaintiffs request this Court find that the Defendants did fail

to aid in preventing the commission of a conspiracy to violate the civil rights of the

Plaintiffs, and to award the Plaintiffs damages against the Defendants, jointly and

severally, in an amount in excess of $75,000.

## COUNT IV - DEFAMATION (SLANDER)
### Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. v.
### Dan Onorato and Dennis Davin

116.   The Plaintiffs incorporate paragraphs 1 through 115 by reference, as fully

as if they were set forth at length herein.

117.   The Plaintiffs sent e-mails to members of Allegheny County Council, and

to other Allegheny County officials and employees, in effort to inform them of

information, opinions and views that the Plaintiffs possessed, *i.e.*, they were lawful in

purpose.

118.   On February 24, 2005, while Mr. Onorato was on the radio, he indicated

to the public that the e-mails Mr. Ferrone sent him were "venomous."

119.   This statement was false.

120.   On that same date, Mr. Onorato, while still on the radio, said that Mr.

Ferrone sent his e-mails to all county employees.

121.   This statement was false.

122.   On or about February 8, 2005, Mr. Davin told a reporter that the e-mails

were "venomous" and that he was seeking to protect his employees from the Plaintiffs

"venom."

22

123.   This statement was false.

124.   On April 14, 2004, Mr. Onorato told a public official of West Deer Township that "I am familiar with the project, it's a good project, but we have to do something with the owner."

125.   This statement was meant to disparage the Plaintiffs.

126.   At the Allegheny County Sheriff's annual Christmas party, Mr. Onorato told a few of the clients of Rock Airport from the Deer Lakes Pilots' Club that "Rock's been sending me about thirty-two e-mails a day, and he sent me a picture of his family, complaining that they are starving."

127.   This statement was false and also meant to disparage the Plaintiffs.

128.   The statements made by Mr. Onorato and Mr. Davin were known by them to be false and to disparage the Plaintiffs.

129.   The actions of Mr. Onorato and Mr. Davin, in falsely stating that the e-mails that the Plaintiffs sent were "venomous," that they were protecting their employees from the Plaintiffs' "venom," and that Mr. Ferrone was sending about thirty-two e-mails a day to him, including other disparaging comments were calculated to reduce the standing of the Plaintiffs within the community.

130.   Mr. Onorato's statement was published, i.e., heard by third parties, and the public heard it and understood its defamatory character.

131.   Mr. Davin's statement was published, i.e., heard by third parties, and the public heard it and understood its defamatory character.

132.   As a direct and proximate result of the Defendants' actions, in reducing the Plaintiffs' standing within the community, the Plaintiffs have suffered injuries and

23

damages, pecuniary losses including, but not limited to, loss of business, loss of revenue and loss of income and the loss of standing within the community, *i.e.*, their reputations have been adversely affected.

133.    The Plaintiffs' injuries and damages were the result of the gross, wanton, reckless and outrageous conduct of the Defendants', and an award of punitive damages in this matter is justified.

WHEREFORE, Plaintiffs request this District Court find that the Defendants did defame the Plaintiffs and Plaintiffs' business, and to award the Plaintiffs damages against the Defendants, jointly and severally, in an amount in excess of $75,000, including any available relief in law, including punitive damages.

### COUNT V - COMMERCIAL DISPARAGEMENT
**Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. v.
Dan Onorato and Dennis Davin**

134.    The Plaintiffs incorporate paragraphs 1 through 133 by reference, as fully as if they were set forth at length herein.

135.    On numerous occasions, the Defendants published statements, *i.e.*, made statements to third parties, regarding the Plaintiffs' businesses which were false and disparaging, and which the Defendants published with the intention to cause the Plaintiffs injury and damages, including pecuniary loss or with the recognition that publication of such statements would or would likely result in injuries and damages, including pecuniary loss for the Plaintiffs.

136.    Defendants maliciously, knowingly and with reckless disregard for the truth, published statements about the Plaintiffs and the Plaintiffs' business in retaliation

for the Plaintiffs' exercise of their constitutionally protected rights, specifically, those rights as detailed elsewhere in this Complaint in Civil Action.

137.   As a direct and proximate result of the Defendants' actions, the Plaintiffs have suffered verifiable injuries and damages, including pecuniary losses, including, but not limited to, loss of business, loss of revenue and loss of income.

138.   The Plaintiffs' injuries and damages were the result of the gross, wanton, reckless and outrageous conduct of the Defendants', and an award of punitive damages in this matter is justified.

WHEREFORE, Plaintiffs request this District Court find that the Defendants did commercially disparage the Plaintiffs and Plaintiffs' business, and to award the Plaintiffs damages against the Defendants, jointly and severally, in an amount in excess of $75,000, including any available relief in law, including punitive damages.

## COUNT VI - CONVERSION
### Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. v.
### Dan Onorato and Dennis Davin

139.   The Plaintiffs incorporate paragraphs 1 through 138 by reference, as fully as if they were set forth at length herein.

140.   The Plaintiffs had a property interest in the e-mails that it sent out to the several branches of Allegheny County government.

141.   The Defendants, Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, re-directed the Plaintiffs' e-mail for their own use and benefit.

142.   The Defendants, Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, re-directed the Plaintiffs' e-mail without permission from the

Plaintiffs, or justification to do so.

143.   Due to Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, re-directed the Plaintiffs' e-mail, the Plaintiffs have lost the use of the e-mails as intended and have therefore have been deprived of the use and value of the e-mail as originally intended.

144.   As a direct and proximate result of the Plaintiffs e-mail being re-directed and used by Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, the Plaintiffs have suffered injuries and damages, including lost revenue, good will and other damages that may become apparent during the pendency of this action.

145.   The Plaintiffs' injuries and damages were the result of the gross, wanton, reckless and outrageous conduct of the Defendants', and an award of punitive damages in this matter is justified.

WHEREFORE, Plaintiffs request this District Court find that the Defendants did convert the Plaintiffs' e-mails, and to award the Plaintiffs damages against the Defendants, jointly and severally, in an amount in excess of $75,000, including any available relief in law, including punitive damages.

### COUNT VII - INVASION OF PRIVACY
**Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. v.
Dan Onorato and Dennis Davin**

146.   The Plaintiffs incorporate paragraphs 1 through 145 by reference, as fully as if they were set forth at length herein.

147.   The Defendants intentionally intruded upon the solitude and seclusion of the Plaintiffs private communications were re-directed to one or more agents of both the

Allegheny County Chief Executive Dan Onorato and the Allegheny County Director of the Department of Economic Development Dennis Davin for review, dissemination and/or censoring.

148.    The intrusion was highly offensive to the Plaintiffs.

149.    The conduct of the Defendants, as aforedescribed was wanton and deliberately indifferent and in total disregard to the rights of the Plaintiffs in that an award of punitive damages is appropriate.

150.    As a direct and proximate result of the intrusion, the Plaintiffs have suffered those injuries and damages that have been incorporated by reference herein.

WHEREFORE, Plaintiffs request this District Court find that the Defendants did invade the Plaintiffs privacy, and to award the Plaintiffs damages against the Defendants, jointly and severally, in an amount in excess of $75,000, including any available relief in law, including punitive damages.

**COUNT VIII - CIVIL CONSPIRACY**
**Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. v.**
**Dan Onorato and Dennis Davin**

151.    The Plaintiffs incorporate paragraphs 1 through 150 by reference, as fully as if they were set forth at length herein.

152.    The Defendants, Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, have met, discussed, agreed and otherwise conspired to defame the Plaintiffs, commercially disparage the Plaintiffs' business and to convert the Plaintiffs' e-mails for their own uses and purposes, including invading the Plaintiffs' privacy, together all with common purpose.

27

153.   The Defendants, Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, solicited, caused or otherwise acted to commit the acts alleged within this Complaint in Civil Action which did defame and commercially disparage the Plaintiffs' business.

154.   The Defendants, Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, solicited, caused or otherwise acted to commit the acts alleged within this Complaint in Civil Action which did covert the Plaintiffs' e-mails for their own uses and purposes, and which did invade the Plaintiffs' privacy.

155.   As a result of the Defendants' conspiracy, *i.e.*, the actions of Mr. Onorato and Mr. Davin, and other persons presently unknown to the Plaintiffs, the Plaintiffs have been damaged by harm to reputation, loss of business, loss of income, legal fees and expenses related to actions of the Defendants, and other damages which have been incurred as the result of the Defendants' actions.

156.   The Plaintiffs' injuries and damages were the result of the gross, wanton, reckless and outrageous conduct of the Defendants', and an award of punitive damages in this matter is justified in order to deter such conduct in the future.

WHEREFORE, Plaintiffs request this District Court find that the Defendants did commit civil conspiracy to defame and commercially disparage the Plaintiffs and Plaintiffs' business, and that further said Defendants did conspire to convert the Plaintiffs' e-mails, and invade their privacy, and to award the Plaintiffs damages against the Defendants, jointly and severally, in an amount in excess of $75,000, including any available relief in law, including punitive damages.

Case 2:05-cv-00303-DWA-FXC   Document 1   Filed 03/07/05   Page 29 of 32

**D.    Jury Trial Demanded**

A jury trial is demanded as to all issues which may be tried before a jury.

Respectfully submitted,

TARASI, TARASI & FISHMAN, P.C.

By: _____

Gianni Floro, Esquire
PA ID No. 85837

Attorney for the Plaintiffs
510 Third Avenue
Pittsburgh, PA 15219
P:    412-391-7135
F:    412-471-2673

# CIVIL COVER SHEET

05  0303

*JS 44  (Rev. 11/04)*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rock Ferrone and Rock Airport of Pittsburgh, L.L.C.

**DEFENDANTS**
Dan Onorato, Dennis Davin, and Allegheny County,

**(b)** County of Residence of First Listed Plaintiff   Allegheny
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Allegheny
(IN U.S. PLAINTIFF CASES ONLY)

NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Gianni Floro, Esq. TARASI, TARASI & FISHMAN, P.C., 510 Third Ave. Pittsburgh, PA 15219

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
See attached

Brief description of cause:
See attached

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                    DOCKET NUMBER

DATE  03·04·05          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute you are filing:

First and Fourteenth Amendments of the United States Constitution, the Constitution of the Commonwealth of Pennsylvania Article 1, Sections 1, 2, 7, 8, 20, 25 and 26 and 42 U.S.C. §§ 1983, 1985 and 1986.

Brief description of cause:

Violations of civil rights and pendent state law claims.

JS 44A REVISED OCTOBER, 1993

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

This case belongs on the ( _____Erie_____ Johnstown x Pittsburgh) calendar.

ERIE CALENDAR - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venang
1.
or Warren, OR any plaintiff or defendant resides in one of said counties.
2. JOHNSTOWN CALENDAR - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or
Somerset OR any plaintiff or defendant resides in one of said counties.
3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in _____ County and
that the _____ resides in_____County.
4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in_____
County and that the_____resides in_____County.

**PART B (You are to check ONE of the following)**
1. _____ This case is related to Number_____Judge_____.
2. x This case is not related to a pending or terminated case.

**DEFINITIONS OF RELATED CASES:**
CIVIL: Civil cases are deemed related when a case filed relates to property included in another suit or involves the
same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement
of a patent involved in another suit
EMINENT DOMAIN: Cases in contiguous closely located groups and in common ownership groups which will
lend themselves to consolidation for trial shall be deemed related.
HABEAS CORPUS & CIVIL RIGHTS: All habeas corpus petitions filed by the same individual shall be deemed
related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PART C**
I. CIVIL CATEGORY (Place x in only applicable category).
1. ( ) Antitrust and Securities Act Cases
2. ( ) Labor-Management Relations
3. ( ) Habeas Corpus
4. (x) Civil Rights
5. ( ) Patent, Copyright, and Trademark
6. ( ) Eminent Domain
7. ( ) All other federal question cases
8. ( ) All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor
vehicle, products liability, assault, defamation, malicious prosecution, and false arrest
9. ( ) Insurance indemnity, contract and other diversity cases.
10. ( ) Government Collection Cases (shall include HEW Student Loans (Education),
VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),
HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and
Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: 03-04-05                                          _____
                                                        ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE
PROCESSED.