IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
ROCK FERRONE, et al.,        )
                             )
              Plaintiffs,    )   Civil Action No. 05-303
                             )
      v.                     )   Chief Judge Ambrose
                             )   Magistrate Judge Caiazza
DAN ONORATO, et al.,         )
                             )
              Defendants.    )
```

**ORDER**

The Plaintiffs' Motion for Reconsideration (Doc. 45) will be granted, consistent with the instructions below.

As counsel correctly notes, the Plaintiffs have not had an opportunity to respond to the Defendants' Motion to compel discovery (Doc. 42). Although the court granted the Defendants' request based on their suggestion that Plaintiffs' counsel had provided assurances all production deficiencies would be cured, *see id.* at ¶ 5, the instant Motion makes clear that disputes still exist. *See generally* discussion *supra*. Under the circumstances, the Plaintiffs have a right to be heard.

As for the Plaintiffs' request for a hearing, *see* Doc. 45 at ¶ 6, that will be denied. There is no basis to conclude that live testimony is required, and argument can be presented by way of legal briefs.

Turning to the substance of the Plaintiffs' objections, counsel first resists the disclosure of "communications between Plaintiffs and any Public Official, as well [as] Allegheny County

Council Members and Allegheny County Commissioners," claiming such communications are "protected by the First Amendment." *Id.* at ¶ 9 (internal quotations omitted).  Given the thrust of the Plaintiffs' lawsuit, that the Defendants interfered with their right to petition the government, the court has difficulty imagining how the communications in question have not been placed "at issue" in this case (assuming, in the first instance, the Plaintiffs are able to identify a cognizable First Amendment privilege).  *See generally* Blue Lake Forest Prods, Inc. v. U.S., -- Fed. Cl. --, 2007 WL 968142, *3 (Mar. 29, 2007) ("It has become a well accepted component of waiver doctrine that a party waives his privilege if he affirmatively pleads a claim . . . that places at issue the subject matter of privileged material over which he has control.") (citation omitted); Special Devices, Inc. v. OEA, Inc., 131 F. Supp.2d 1171, 1179 (C.D. Cal. 2001) ("the very purpose of discovery is to obtain all information relevant to the claims at issue"), *appeal dismissed*, 269 F.3d 1340 (Fed. Cir. 2001).

   The Plaintiffs also resist the production of "loan applications" they "submitted to any financial institution" in the absence of a court-supervised confidentiality agreement. Pls.' Mot. at ¶ 10; *see also id.* (stating concerns over revelation of "confidential trade secrets and financial information").  Confidentiality agreements routinely are utilized

to alleviate such concerns, and the parties are encouraged to negotiate an amicable resolution before the close of the briefing period.

Counsel next objects to the production of "all e-mails sent from" the website "www.thewrongdecison.com," which appears to have been created by the Plaintiffs or person(s) close to them, citing privacy and First Amendment concerns. *See id.* at ¶ 11. The Plaintiffs appear to assert, on behalf of person(s) or entities not parties to this suit, the First Amendment right of associational privacy. *See* Grandbouche v. Clancy, 825 F.2d 1463, 1466-67 (10th Cir. 1987) (discussing same and stating that, "when the subject of a discovery order claims a First Amendment privilege not to disclose certain information, the trial court must conduct a balancing test" considering "the relevance of the evidence[,] the necessity of receiving the information sought[,] whether the information is available from other sources[, and] the nature of the information") (citations and internal quotations omitted, emphasis added). The application of this doctrine is limited, however,[1] and the parties should be heard

---

[1] The "associational privilege's proscription has been extended to a limited cache" of interests, namely where group members' political affiliations or conduct "will adversely affect the organization's ability to advocate or cause members to withdraw or expose them to threats, reprisal, [or] harassment." *See* Sherwin-Williams Co. v. Spitzer, 2005 WL 2128938, *4-5 (N.D.N.Y. Aug. 24, 2005) (citations omitted). To this point, there appears no indication that a target organization exists; rather, the Plaintiffs' Motion suggests only that they or persons close to them sent emails from the "thewrongdecison.com" website. Even assuming a group worthy of the associational privilege exists, moreover, the doctrine "cannot be used to circumvent general and legitimate discovery where [a reasonable probability] of intimidation and reprisal is not present." *Id.* at *5.

regarding, (a) whether the privilege should apply, (b) whether it is the Plaintiffs' privilege to assert, and/or (c) whether the Plaintiffs or others qualify for its application.

Finally, the Plaintiffs appear to oppose discovery because, contrary to the Defendants' purported representations, the information requested is irrelevant to their affirmative defenses.  *See* Pls.' Mot. at ¶ 12.  This adds little to the discourse, as the Defendants are not restricted to the defenses stated in their Answer.  *See generally* Elliot & Frantz, Inc. v. Ingersoll- Rand Co., 457 F.3d 312, 320-21 (3d Cir. 2006) (explaining distinction between "affirmative defenses," which must be pled in answer to be preserved, and "general defenses," which challenge plaintiff's *prima facie* case and are not pled) (citations omitted).

Consistent with the discussions above, the Plaintiffs' Motion for Reconsideration (**Doc. 45**) is **GRANTED**, the portion of the Order (Doc. 44) granting of the Defendants' Motion to compel (Doc. 42) is **VACATED**, and the parties shall cross-brief the Plaintiffs' discovery objections within seven (7) calendar days of this Order.[2]

---

[2]  Given the age of this case and the court's determination to move forward, the undersigned does not anticipate granting requests for extension.

    THESE THINGS ARE SO ORDERED.


April 27, 2007                          _____
                                        Francis X. Caiazza
                                        U.S. Magistrate Judge

cc (via email):

Gianni Floro, Esq.
Caroline Liebenguth, Esq.
Michael H. Wojcik, Esq.
Mark R. Hornak, Esq.
Jaime S. Tuite, Esq.